# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bfischer@maglaw.com; (212) 880-9585
charwood@maglaw.com; (212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

December 1, 2023

**By ECF**
Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St., White Plains, NY 10601-4150

Re:   *S.E.C. v. Concord Management LLC and Michael Matlin*, No. 23-CV-8253 (PMH)

Dear Judge Halpern:

We represent Concord Management LLC ("Concord") and Michael Matlin in the above-captioned action. Following the exchange of letters as required by Rule 4(C)(ii) of the Court's Individual Rules of Practice, we write pursuant to Rule 4(C)(iii) to request a pre-motion conference regarding Concord and Mr. Matlin's anticipated motion to dismiss.

**Background**

The sole claim asserted by the SEC is that Concord and Mr. Matlin violated Section 203(a) of the Investment Advisers Act ("IAA"), 15 U.S.C. § 80b-3(a), by failing to register as investment advisers with the SEC. Notably, the SEC does not allege that either Concord or Mr. Matlin engaged in fraud, acted with scienter, harmed any victim, or did anything wrong other than not registering. The facts ultimately will demonstrate not only that Concord and Mr. Matlin were not required to register, but were legally *prohibited* from registering with the SEC as investment advisers under Section 203A of the IAA, *id.* § 80b-3a, and the applicable implementing regulations (together, the "Regulatory Framework"). The Regulatory Framework

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

expressly contemplates unregistered advisers, expressly prohibits advisers from registering when, as here, they do not meet the requirements for registration, and expressly provides that advisers who improperly register will be subject to enforcement action.

Concord was a consulting firm formed to provide research and due diligence services for potential hedge fund investments for a single client. Concord and Mr. Matlin did not engage in any of the activities that the Regulatory Framework indicates could require registration. For example, Concord and Mr. Matlin did not (a) make investment decisions for its client or have discretion to do so; (b) transfer or custody its client's money to make or redeem investments; (c) have control over its client's bank or brokerage accounts; (d) receive compensation predicated on the performance or value of its client's assets; or (e) execute trades. No prior court opinion or administrative action exists that would have placed Concord or Mr. Matlin on notice that the services it was performing for its client required registration.

Moreover, notwithstanding the SEC's suggestion to the contrary, neither Concord nor its client operated in secrecy. After receiving Concord's research and due diligence services, Concord's client made the decision to invest in some of the largest and most sophisticated hedge funds in the world. The managers of these hedge funds were registered investment advisers regulated by the SEC and subject to SEC oversight. The hedge fund managers received extensive "know your customer" information regarding Concord's client and its client's ultimate beneficiary. Accordingly, not only did the facts and law prohibit Concord and Mr. Matlin from registering, but the hedge funds — and the SEC — had full transparency concerning all aspects of the investments.

**Bases for Dismissal**

Although the full factual record will establish that Concord and Mr. Matlin were not required to register with the SEC as investment advisers and, in fact, were prohibited from doing

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

so, two aspects of the Complaint fail as a legal matter and are subject to dismissal at the pleading stage.

*First*, the SEC's claim against Mr. Matlin alleging that he personally violated Section 203(a) by not registering *individually* as an investment adviser, Compl. ¶¶ 90–91 (Dkt. 1), should be dismissed because the SEC fails to allege that Mr. Matlin provided advisory services separate from those allegedly provided by Concord. Under longstanding SEC policy (to which the SEC is bound, *see Salazar v. King*, 822 F.3d 61, 76–77 (2d Cir. 2016)), where an individual's "advisory activities are undertaken *on the [firm's] behalf*," only the firm is subject to the IAA's registration requirement. Staff of the Investment Adviser Regulation Office, SEC, *Regulation of Investment Advisers by the [SEC]*, at 17 (Mar. 2013) (emphasis added). Only where the individual "acts as an investment adviser *on his own behalf*" is that individual "required to be registered separately." Kevin J. Hughes, SEC Staff No-Action Letter (Dec. 7, 1983) (emphasis added). The same standard applies in an analogous context — for individual employees of broker-dealers, 15 U.S.C. § 78o(a)(1) — who also need not separately register unless they conduct "separate" work on their own behalf. *See Roth v. S.E.C.*, 22 F.3d 1108, 1109 (D.C. Cir. 1994).

Here, the Complaint contains no allegations suggesting that Mr. Matlin provided advisory services separate from those allegedly provided by Concord. Rather, it alleges that Concord, not Mr. Matlin, entered into a "consulting agreement" with Concord's client "to provide consulting services to" that client, and that Mr. Matlin is Concord's "managing member and 100% owner," as well as a Concord "employee" who performed work on Concord's behalf, including supervising its employees. Compl. ¶¶ 14, 20–22, 51, 55, 67.[1] Having identified Concord as the

---

[1] The Complaint does not allege that Mr. Matlin's ownership of Concord's membership interests is a basis to charge him individually, nor could it, as Mr. Matlin's association with Concord is an insufficient basis to require individual registration under the IAA. *See Regulation of Investment Advisers by the [SEC]*, at 17 & n.95.

3

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

advisory firm and Mr. Matlin as an associated person, to state a Section 203(a) claim against Mr. Matlin for failure to register, the Complaint would have to include allegations that he provided advisory services "on his own behalf." It does not. Instead, it alleges the opposite: that Concord's client's investments were "managed . . . by a single advisory firm" (Concord), with Mr. Matlin and other Concord employees performing services allegedly in furtherance of the "Concord . . . business operation." *Id.* ¶¶ 3, 22. Mr. Matlin is not alleged to have (a) had any client separate from Concord's client, (b) provided consulting services for investments separate from the investments Concord allegedly managed, or (c) performed work separate from the services Concord is alleged to have provided. Rather, the Complaint alleges that Mr. Matlin represented himself as being associated with Concord (*id.* ¶ 48); that he was compensated by Concord, not its client (*id.* ¶¶ 4, 69); and that he engaged in advisory activities through Concord that depended on the work performed by him and other Concord employees (*id.* ¶¶ 37, 55–59).

Accordingly, even assuming that Concord was required to register and violated Section 203(a) by failing to do so (allegations that Concord contests and will demonstrate are meritless), then Mr. Matlin — as a Concord employee and representative who is alleged to have undertaken advisory work solely on Concord's behalf — was not required to register individually and did not himself violate Section 203(a)'s registration requirement. On the other hand, if Concord was *not* required to register (as the facts will establish), then no basis exists to suggest that *Mr. Matlin* was required to register individually. *In either case*, the Complaint lacks allegations sufficient to support its claim that Mr. Matlin was required to register individually, and therefore the claim should be dismissed.

**Second**, the Complaint's request for disgorgement should be dismissed (or in the alternative, stricken) because (a) Second Circuit and Supreme Court authority confirms that disgorgement may only be awarded to "victims," *i.e.*, those who have "suffered pecuniary harm,"

4

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

*S.E.C. v. Govil*, 86 F.4th 89, 94 (2d Cir. 2023) (citing *Liu v. S.E.C.*, 140 S. Ct. 1936, 1940 (2020)), and (b) no such victim or harm is (or can be) alleged here.

The Complaint does not identify any alleged victim, *i.e.*, any individual or entity that suffered pecuniary harm flowing from the alleged failure to register, for good reason:  The SEC knows that no basis exists to suggest that anyone suffered pecuniary harm as a result of Concord's alleged failure to register.  Because a disgorgement award "requires" that the district court make "a finding of pecuniary harm," *Govil*, 86 F.4th at 106, the Complaint's failure to set forth any allegations that could establish such harm and permit such a finding is dispositive.  *See e.g.*, *Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, ___ F. Supp. 3d ___, 2023 WL 4211035, at *20 (S.D.N.Y. Jun. 27, 2023) (requested relief properly stricken where "the allegations and claims asserted would not support that form of relief"); *S.E.C. v. Morningstar Credit Ratings, LLC*, 578 F. Supp. 3d 563, 576 (S.D.N.Y. 2022) (requested relief dismissed where "the SEC has not plausibly asserted" facts supporting entitlement to relief).[2]

Respectfully submitted,

*Benjamin S. Fischer*
*Christopher B. Harwood*

---

[2] This glaring omission has not gone unnoticed by legal commentators, including by a former SEC director of enforcement, who observed that the Complaint *in this case* is not reconcilable with *Govil*, and noting (consistent with Concord and Mr. Matlin's position) that, on the facts alleged, "it is unclear how the [SEC] will be able to prove the existence of a 'victim,' . . . let alone pecuniary harm, under the *Govil* standard." Andrew Ceresney et al., "2nd Cir. Holding Could Disrupt SEC Disgorgement Methods," Law360 (Nov. 16, 2023), *available at* law360.com/articles/1766272/2nd-circ-holding-could-disrupt-sec-disgorgement-methods.