UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                     *Plaintiff*,

      v.

CONCORD MANAGEMENT LLC and MICHAEL MATLIN,

                     *Defendants*.

No. 7:23-cv-08253 (PMH) (AK)

Oral Argument Requested

---

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS CONCORD MANAGEMENT LLC AND MICHAEL MATLIN

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
   Benjamin S. Fischer
   Christopher B. Harwood
   Kevin Grossinger
   Peter Menz
   565 Fifth Avenue
   New York, New York 10017
   (212) 856-9600

*Attorneys for Concord Management LLC and Michael Matlin*

Dated:  March 15, 2024

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 2

I.     The SEC Concedes No Legal Basis Exists for Its Request for Disgorgement ....................... 2

II.    The SEC's Failure-to-Register Claim Against Mr. Matlin Should Be Dismissed ................. 4

    a.     The SEC Ignores Its Settled Course of Adjudication Not to Pursue Failure-to-Register Claims Against Individuals Under the Circumstances Alleged Here .............................. 4

    b.     The Complaint Fails to Allege that Mr. Matlin Falls within the Scope of the SEC's Policy on Individual Registration ....................................................................................... 8

    c.     The Court Can and Should Address This Issue Now ...................................................... 9

CONCLUSION ................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) .................................................................................................................. 9

*Doe v. Indyke*,
  457 F. Supp. 3d 278 (S.D.N.Y. 2020) ................................................................................... 3, 4

*Doe 1 v. Deutsche Bank Aktiengesellschaft*,
  671 F. Supp. 3d 387 (S.D.N.Y. 2023) ...................................................................................... 9

*F.C.C. v. Fox Television Stations, Inc.*,
  556 U.S. 502 (2009) .............................................................................................................. 1, 8

*F.C.C. v. Fox Television Stations, Inc.*,
  567 U.S. 239 (2012) .................................................................................................................. 4

*Gater Assets Ltd. v. AO Moldovagaz*,
  2 F.4th 42 (2d Cir. 2021) .......................................................................................................... 9

*Henson v. Santander Consumer USA Inc.*,
  582 U.S. 79 (2017) .................................................................................................................... 8

*In re Morgan Stanley Info. Fund. Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010) ................................................................................................... 10

*I.N.S. v. Yueh-Shaio Yang*,
  519 U.S. 26 (1996) ................................................................................................................ 4, 5

*Luna Perez v. Sturgis Pub. Sch.*,
  598 U.S. 142 (2023) .................................................................................................................. 8

*Lewis v. M&T Bank*,
  2022 WL 775758 (2d Cir. 2022) .............................................................................................. 9

*Matthews v. Barr*,
  927 F.3d 606 (2d Cir. 2019) ................................................................................................... 10

*Montilla v. I.N.S.*,
  926 F.2d 162 (2d Cir. 1991) ..................................................................................................... 7

*Nat. Res. Def. Council v. Dep't of Interior*,
  410 F. Supp. 3d 582 (S.D.N.Y. 2019) ...................................................................................... 5

*Rothman v. City of New York*,
  2020 WL 7022502 (S.D.N.Y. Nov. 30, 2020) .......................................................................... 4

*Salazar v. King*,
  822 F.3d 61 (2d Cir. 2016) .................................................................................................. 1, 4

*S.E.C. v. Caledonian Bank Ltd.*,
  145 F. Supp. 3d 290 (S.D.N.Y. 2015) ..................................................................................... 3

*S.E.C. v. Cohen*,
  332 F. Supp. 3d 575 (E.D.N.Y. 2018) ..................................................................................... 3

*S.E.C. v. Govil*,
  86 F.4th 89 (2d Cir. 2023) .............................................................................................. 2, 3, 4

*S.E.C. v. Kenton Cap., Ltd.*,
  69 F. Supp. 2d 1 (D.D.C. 1998) .............................................................................................. 6

*S.E.C. v. Levin*,
  232 F.R.D. 619 (C.D. Cal. 2005) ............................................................................................ 3

*S.E.C. v. Wall Street Comms., Inc.*,
  2009 WL 2579310 (M.D. Fla. Aug. 19, 2009) ....................................................................... 3

*United States v. Bodmer*,
  342 F. Supp. 2d 176 (S.D.N.Y. 2004) ..................................................................................... 9

*United States v. Singhal*,
  876 F. Supp. 2d 82 (D.D.C. 2012) .......................................................................................... 9

**SEC Administrative Proceedings**

*In re ABC Portfolio Dev. Group, Inc. and Frank C. Carlson*,
  1994 WL 413871 (Aug. 9, 1994) ............................................................................................ 6

**PRELIMINARY STATEMENT**

The SEC does not dispute that Supreme Court and Second Circuit authority bars disgorgement in this case, and no basis exists for its suggestion that this Court leave the question for another day. Because the SEC purports to seek a remedy for which it did not (and cannot) plead the required elements, the claim should be dismissed.

The SEC's position on the remaining issue before the Court — whether the SEC's failure-to-register claim against Mr. Matlin should be dismissed — also is untenable. The parties' dispute on this issue boils down to one question: whether the SEC has a policy not to pursue failure-to-register claims against individual investment advisers associated with an advisory firm unless (1) the individual's advisory activities are undertaken on their own behalf (rather than on behalf of the firm), (2) the individual engaged in fraud or other misconduct related to their advisory services, or (3) the individual is the alter ego of the firm. Br. at 8–13.[1] Although the SEC claims not to have such a policy, the SEC does not dispute that:

- an agency policy can be established by a "settled course of adjudication," *Salazar v. King*, 822 F.3d 61, 76–77 (2d Cir. 2016);

- since the IAA's registration requirement was enacted more than 80 years ago, the SEC has *only* brought failure-to-register claims against individuals where such individuals fall within the three circumstances described above; and

- in light of that "settled course of adjudication," the SEC is bound to follow its policy, and cannot "disregard" it or "depart from [it] *sub silentio*," *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

Against this backdrop, the conclusion that the SEC has a policy on individual registration — a "settled course of adjudication" to which it is bound — is inescapable. An individual in Mr. Matlin's position — who is not alleged to have provided advisory services separate from

---

[1] Capitalized terms have the same meaning as in Concord and Mr. Matlin's opening brief unless otherwise noted. "Br." refers to the brief filed by Concord and Mr. Matlin in support of their Motion to Dismiss. "Opp'n" refers to the SEC's brief in opposition.

1

Concord, to have engaged in any fraud, or to have been Concord's alter ego — therefore does not fall within the SEC's policy. In fact, the SEC concedes that it does not allege Mr. Matlin provided advisory services separate from Concord or engaged in fraud, and to the extent the SEC now suggests Mr. Matlin was Concord's alter ego, the Complaint fails to allege facts sufficient to support that suggestion. Accordingly, the SEC's claim against Mr. Matlin violates due process and is subject to dismissal because, by pursuing a claim in violation of its own policy, Mr. Matlin could not have had fair notice that the SEC might pursue a failure-to-register claim against him. Concord and Mr. Matlin's Motion to Dismiss therefore should be granted in its entirety.

## ARGUMENT

### I. The SEC Concedes No Legal Basis Exists for Its Request for Disgorgement

The SEC has no response to the dispositive point that it has not alleged facts sufficient to pursue disgorgement in light of *S.E.C. v. Govil*, 86 F.4th 89, 94 (2d Cir. 2023), and *Govil*'s unambiguous holding that disgorgement may be awarded only where "victims" who have "suffered pecuniary harm" exist. Br. at 20–22. Just as the SEC had no response when the Court previously asked how its request for disgorgement can survive *Govil*, *see id.* at 21, it has no response now. Instead of attempting to defend its request for disgorgement, the SEC repeats verbatim the same non-responsive answer that it offered in its pre-motion letter filed prior to the January 11 conference: that the Court should just ignore this dispositive pleading defect and address disgorgement later. *Compare* Dkt. 17 at 3 *with* Opp'n at 8. In so doing, the SEC confirms that, following *Govil*, it has no basis to seek disgorgement in this case, because it did not (and cannot) allege that any "victims" exist or that anyone "suffered pecuniary harm." No amount of time or delay is going to change that dispositive fact.

The SEC's suggestion that it would be "premature" for the Court to decide this question now (Opp'n at 8) also is incompatible with *Govil* having set forth a clear legal requirement that a

party seeking disgorgement identify a "victim" who "suffered pecuniary harm." Here, no such allegations have been made (and the SEC has not suggested in its opposition papers that it could make any such allegations), and the issue does not depend on the resolution of disputed factual issues. Given the absence of any pleaded facts sufficient to even support an inference that a "victim" exists (or any indication that the SEC *could* ever plead any such facts), the SEC's argument that dismissal should await further development of "the facts of this case" (Opp'n at 8) is baseless. Cases cited by the SEC involving factual disputes concerning whether the SEC could establish its entitlement to the requested relief are therefore irrelevant. *Cf. S.E.C. v. Caledonian Bank Ltd.*, 145 F. Supp. 3d 290, 310 (S.D.N.Y. 2015) (availability of disgorgement "depend[ed] on multiple factors, including [party's] relationship to its clients"); *S.E.C. v. Wall Street Comms., Inc.*, 2009 WL 2579310, at *3 (M.D. Fla. Aug. 19, 2009) (available relief depended in part on factual questions as to timeliness of SEC's claim).[2]

The SEC's characterization of *Govil*'s holding on disgorgement as "developing law" (Opp'n at 8) is equally meritless given that the holding is clear, directly on point, and consistent with prior Supreme Court and Second Circuit law. Br. at 20–21.[3] Other district courts in this Circuit have rejected similar requests by the SEC to delay dismissal of claims that are deficient as a matter of law. *See, e.g.*, *S.E.C. v. Cohen*, 332 F. Supp. 3d 575, 588 (E.D.N.Y. 2018) (dismissing SEC's request for discovery on a concededly untimely claim, as "it would make no

---

[2] While the SEC cites a single out-of-circuit case in which a court declined to address the argument that certain forms of disgorgement were "prohibited as a matter of law," *S.E.C. v. Levin*, 232 F.R.D. 619, 625 (C.D. Cal. 2005), "ample authority" in the Second Circuit supports the resolution of these issues at the pleadings stage "where the law permits a sure answer," *Doe v. Indyke*, 457 F. Supp. 3d 268, 284–85 (S.D.N.Y. 2020) (collecting cases).

[3] Moreover, on January 24, 2024, the Second Circuit denied the SEC's request for *en banc* review of *Govil*.

sense if the SEC could evade the statute of limitations by alleging untimely misconduct and then demanding discovery in hopes of uncovering misconduct within the limitations period").[4]

The SEC's request that the Court needlessly defer the disgorgement issue until another day also ignores the "practical wisdom" of streamlining a case at the outset (including as to what relief is and is not available in the case) "where the law permits a sure answer" on available relief, as it does here. *Indyke*, 457 F. Supp. 3d at 285; *see, e.g.*, *Rothman v. City of New York*, 2020 WL 7022502, at *5 (S.D.N.Y. Nov. 30, 2020). The request for disgorgement should therefore be dismissed, or in the alternative, stricken.

## II. The SEC's Failure-to-Register Claim Against Mr. Matlin Should Be Dismissed

### a. The SEC Ignores Its Settled Course of Adjudication Not to Pursue Failure-to-Register Claims Against Individuals Under the Circumstances Alleged Here

The SEC does not dispute that an agency is bound not only by statutes and regulations, but through agency policy, and that such policy can be established through published guidance and/or a "settled course of adjudication." *Salazar v. King*, 822 F.3d 61, 76 (2d Cir. 2016) (quoting *I.N.S. v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996)).[5] Nor does the SEC dispute that an agency's failure to follow its policy creates a fair notice problem and violates due process. *See F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 254–55 (2012) (agency policy "gave no notice" to regulated parties that certain conduct "could be actionabl[e]" and thus "failed to provide . . . fair notice of what is prohibited") (original alterations omitted). Consistent with these well-established principles, Concord and Mr. Matlin explained that (1) the SEC policy at

---

[4] To the extent the SEC suggests — as it did in its pre-motion letter — that the Court should defer because *Govil* was decided "at the remedial phase" of litigation (Opp'n at 8; Dkt. 17 at 3), the SEC fails to respond to Concord and Mr. Matlin's explanation (1) that *Govil* articulated a generally applicable rule of law that was not limited to any particular phase of litigation; and (2) that courts *at the pleading stage* routinely dismiss or strike requests for relief where "the allegations and claims asserted would not support that form of relief." Br. at 22 n.11.

[5] For this reason, the SEC's assertion that the text of the IAA does not link the registration requirement to the antifraud provision is beside the point: An agency's "settled course of adjudication" is binding even if "was not originally required by the statute." *Salazar*, 822 F.3d at 76.

4

issue here — that the SEC brings failure-to-register claims against an individual associated with a firm *only* where the individual provides advisory services on their own behalf, engaged in fraud or other misconduct, or was the alter ego of the advisory firm — was "reflected in both agency guidance and longstanding agency practice" (Br. at 11–13); (2) the SEC did not (and cannot) allege that Mr. Matlin came within the scope of that policy (Br. at 13–17); and (3) the SEC's claim against Mr. Matlin thus violates the policy and therefore due process, because Mr. Matlin was not (and could not have been) provided fair notice that the SEC would bring an enforcement action against him (Br. at 17–18).

In response, the SEC's principal argument is to deny the existence of any policy on individual registration. But in so doing, the SEC argues wrongly that the "only" support for the policy is two agency policy documents identified by Concord and Mr. Matlin. Opp'n at 3. The SEC ignores *entirely* the "settled course of adjudication" identified and described at length by Concord and Mr. Matlin (Br. at 11–16) that, together with agency's written guidance, establishes the policy to which the agency is bound.[6] The SEC does not dispute that in the more than 80 years since the IAA was enacted, it has pursued failure-to-register claims against an individual associated with a firm *only* when the individual (1) provided advisory services on his own behalf, (2) acted unlawfully in furtherance of his self-interest by engaging in fraud or other misconduct, or (3) was the alter ego of the advisory firm. Br. at 11–13, 16–17, 19 (collecting exemplar cases falling within policy). The SEC does not even attempt to address its decades-long consistent

---

[6] The SEC also attempts to minimize the relevance of the two written guidance documents Concord identified as forming, together with the SEC's settled course of adjudication, the SEC's policy on individual registration. Opp'n at 4 (*e.g.*, describing one document as an "educational outline" that reflects the views "of the staff and not the Commission"). But these guidance documents are public-facing documents readily available on the SEC's website, and it is well-established that even "informal agency guidance," such as staff guidance, may bind an agency and are relevant in determining whether a policy exists. *Nat. Res. Def. Council v. Dep't of Interior*, 410 F. Supp. 3d 582, 605–06 (S.D.N.Y. 2019) (quoting *Yueh-Shaio Yang*, 519 U.S. at 32).

5

course of conduct across many cases, presumably because it is impossible to square it with the SEC's pursuit of a failure-to-register claim against Mr. Matlin in this case.

Despite twice describing this action as a "straightforward application of the Advisers Act" (Opp'n at 3, 5), the SEC does not purport to cite a *single* example of a prior enforcement action in which it asserted a failure-to-register claim against an individual outside the three circumstances identified above. The only two failure-to-register claims against individuals the SEC cites (Opp'n at 7 (citing *S.E.C. v. Kenton Capital, Ltd.*, 69 F. Supp. 2d 1 (D.D.C. 1998) and *In re ABC Portfolio Dev. Group, Inc. and Frank C. Carlson*, 1994 WL 413871 (Aug. 9, 1994)) fall *within* the policy because both involve allegations that the individual engaged in fraud in connection with their advisory services. Moreover, in *ABC Portfolio*, the individual began performing advisory services *before* the entity was incorporated, and was therefore acting on his own behalf — further confirming that the SEC's cited cases are consistent with its settled policy.

That the SEC cites only cases that fall *within* its settled course of adjudication confirms the existence of the policy, and thus confirms that this is the *only* case the SEC has brought in deviation from the policy (*i.e.*, against an individual for failing to register individually outside the limited circumstances described above). Br. at 16. In light of the SEC's policy, an individual in Mr. Matlin's position cannot have had fair notice that the SEC might pursue a claim against him for failing to register individually. As a result, and as Concord and Mr. Matlin explained in their opening brief (Br. at 8–11, 17), the SEC's pursuit of this claim against Mr. Matlin in contravention of the policy thus violates due process.

Unable to contest the existence of a settled policy, the SEC next argues that it should be allowed to pursue its failure-to-register claim against Mr. Matlin in deviation from its policy because Mr. Matlin otherwise could commit violations of the IAA "with impunity." Opp'n at 6.

6

An agency cannot, however, deviate from a policy without advance notice, precisely to avoid the type of due process problem the SEC has created here. In any event, the suggestion that Mr. Matlin could commit future violations "with impunity" is unsupported; it not only lacks any factual support in the Complaint, which contains no allegations suggesting intent, knowledge, recklessness, or even negligence (Br. at 1, 3, 9), but also is inconsistent with the SEC's prior statements to the Court and other assertions in its brief, in which the SEC reaffirmed that it does not allege fraud (Opp'n at 5; 01/11/2024 Tr. 11).

The SEC wrongly suggests that the supposed "scale" of Concord's client's investments justifies its pursuit of the claim against Mr. Matlin. Opp'n at 6.[7] As an initial matter, if subject to the registration requirement, an adviser must register regardless of whether its "assets under management" are one dollar or one billion dollars more than the $25 million threshold.[8] In any event, the SEC cannot depart from its settled policy merely because it considers its actions justified; no support exists for an agency departing from settled policy without giving the public notice, whether based on the purported "scale" of a supposed violation or any other reason. Such an approach would upset the "fundamental notions of fair play underlying the concept of due process." *Montilla v. I.N.S.*, 926 F.2d 162, 167 (2d Cir. 1991).

For the same reasons, the SEC is wrong to suggest that its failure-to-register claim against Mr. Matlin is justified because it purportedly "serves the [IAA's] stated legislative purpose" to "protect the securities markets and the national economy." Opp'n at 5. The Supreme Court has made clear that, because "no law pursues its purposes at all costs," it "is quite

---

[7] Also legally irrelevant is the SEC's repeated assertion that Mr. Matlin "alone communicated" investment advice to a representative of Concord's client. Opp'n at 3. The fact of who communicates advice has no relevance under the Regulatory Framework as to whether Mr. Matlin (or Concord) was required to register under the IAA.

[8] As previously explained (Br. at 1), Concord's core merits argument in this case is that Concord had *no* "assets under management" under the Regulatory Framework, and therefore was prohibited from registering.

7

mistaken to assume . . . that any interpretation of a law that does more to advance a statute's putative goal must be the law." *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 150 (2023) (internal citation, quotation marks, and alterations omitted); *see Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017). The SEC has acted improperly here by departing from a policy to which it is bound without providing fair notice, and the SEC cannot salvage its defective claim by suggesting that its actions somehow advance the IAA's goals. *Fox Television*, 556 U.S. at 515.

### b. The Complaint Fails to Allege that Mr. Matlin Falls within the Scope of the SEC's Policy on Individual Registration

Mr. Matlin is not alleged to fall within the SEC's policy not to pursue failure-to-register claims against individual investment advisers associated with an advisory firm unless the individual (1) engaged in advisory activities on their own behalf, (2) engaged in fraud, or (3) is the alter ego of the firm. First, the SEC concedes that it does not allege that Mr. Matlin engaged advisory activities on his own behalf, and agrees that Mr. Matlin only provided advisory services on behalf of Concord. Opp'n at 5. Second, the SEC further concedes that it does not allege that Mr. Matlin engaged in any fraud. Opp'n at 5. Third, although the SEC asserts in its opposition brief that "there was no separation between Concord as an entity and Matlin as an individual" (Opp'n at 3), the Complaint does not contain any allegations sufficient to sustain a finding of alter ego status. For example, there are no allegations that Concord did not observe corporate formalities, or did any of the other things the SEC would need to show to establish that Concord and Mr. Matlin were alter egos of one another. Br. at 22. That Mr. Matlin allegedly owned Concord's limited liability company membership interests (Opp'n at 3; Compl. ¶ 14) is insufficient. Sole ownership of membership interests is a common characteristic of limited liability companies, and it is well-established that even where an individual is "the corporation's

sole owner," the two remain legally separate. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001); *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 58 (2d Cir. 2021).

### c. The Court Can and Should Address This Issue Now

Presumably because the SEC knows it cannot defend the improper application of its policy on the merits, the SEC argues in the alternative that Concord and Mr. Matlin's argument — that the claim against Mr. Matlin violates due process because it is contrary to longstanding agency policy — should not be resolved at the pleadings stage. Opp'n at 7. The argument fails, however, because when, as here, a due process defense turns on issues of law and involves no disputed facts, the defense properly is resolved, and the offending claim properly is dismissed, at the motion to dismiss stage. *See, e.g.*, *United States v. Bodmer*, 342 F. Supp. 2d 176, 189 (S.D.N.Y. 2004) (resolving due process defense on motion to dismiss indictment); *United States v. Singhal*, 876 F. Supp. 2d 82, 96 (D.D.C. 2012) (same); *see generally Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 400–01 (S.D.N.Y. 2023) (recognizing appropriateness of resolving affirmative defense on motion to dismiss where relevant facts are not in dispute).

Here, as noted above, Mr. Matlin's due process defense does not raise any factual disputes: The Complaint does not allege that Mr. Matlin provided advisory services on his own behalf, engaged in fraud, or was the alter ego of Concord. Mr. Matlin's due process argument thus does not depend on the resolution of any disputed facts.

Nor is the Court prohibited, as the SEC incorrectly suggests (Opp'n at 7), from considering the existence of the SEC's policy on the ground that the policy is not referenced in the Complaint. On a motion to dismiss, the Court may take judicial notice of the documents that establish the policy: the written policy documents and the documents reflecting the SEC's enforcement actions. *See, e.g.*, *Lewis v. M&T Bank*, 2022 WL 775758, at *2 n.4 (2d Cir. 2022) (courts "regularly take judicial notice of agency documents on official websites," like the written

9

policy documents at issue here); *Matthews v. Barr*, 927 F.3d 606, 622 n.12 (2d Cir. 2019) ("courts routinely take judicial notice of documents filed in other courts" — such as the relevant enforcement actions in which the SEC has asserted failure-to-register claims against individuals — "to establish the fact of such litigation and related filings"); *In re Morgan Stanley Info. Fund. Sec. Litig.*, 592 F.3d 347, 354 n.5 (2d Cir. 2010) (taking judicial notice of "SEC filings relating to this enforcement action" because "these proceedings are a matter of public record").

Because Mr. Matlin's argument for dismissal does not turn on the resolution of any disputed facts, and because all relevant policy materials properly are subject to judicial notice, no barrier exists to resolving Mr. Matlin's due process defense now.

## CONCLUSION

For these reasons, and the reasons set forth in the opening brief of Concord and Mr. Matlin, the Motion to Dismiss should be granted in its entirety.

Dated: New York, New York
       March 15, 2024

                          MORVILLO, ABRAMOWITZ, GRAND,
                             IASON & ANELLO, P.C.

                        By: */s/ Benjamin S. Fischer*
                            Benjamin S. Fischer
                            Christopher B. Harwood
                            Kevin Grossinger
                            Peter Menz
                            565 Fifth Avenue
                            New York, NY 10017
                            (212) 856-9600
                            (212) 856-9494 (fax)

                            *Attorneys for Defendants Concord*
                            *Management LLC and Michael Matlin*