UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CONCORD MANAGEMENT LLC and<br>MICHAEL MATLIN,<br><br>Defendants. | Civil Action No. 23-cv-8253 |

**STIPULATION TO WITHDRAW REQUEST FOR
DISGORGEMENT AND PREJUDGMENT INTEREST**

WHEREAS, Plaintiff Securities and Exchange Commission (the "Commission"), with the assent of Defendants Concord Management LLC ("Concord") and Michael Matlin ("Matlin"), seeks to withdraw without prejudice its request for disgorgement and prejudgment interest.

WHEREAS, on September 19, 2023, the Commission asserted a claim against Concord and its principal, Matlin, for acting as unregistered investment advisers in violation of Section 203(a) of the Investment Advisers Act of 1940 (the "Advisers Act"), alleging that Concord and Matlin have acted as investment advisers for the benefit of a single client (referred to in the Complaint as "UBO A"). (Dkt. 1 ("Cmplt."), ¶¶ 1, 15.)

WHEREAS, on October 31, 2023, the United States Court of Appeals for the Second Circuit issued an opinion in *SEC v. Govil*, 86 F.4th 89 (2d Cir. 2023). The *Govil* Court noted that disgorgement remedies available under certain securities laws are subject to the traditional equitable limitations that the Supreme Court recognized in *Liu v. SEC*, 140 S. Ct. 1936 (2020),

including the limitation that disgorgement must be awarded for victims.  The Second Circuit denied the Commission's petition for panel rehearing or, alternatively, rehearing *en banc* in the *Govil* matter on January 24, 2024.

WHEREAS, on January 11, 2024, the parties in this matter appeared before the Court for a hearing to discuss Defendants' proposed Motion to Dismiss.  At that time, the Court requested that the Commission consider withdrawing the request for disgorgement in light of *Govil*.  Following that hearing, in subsequent briefing on the Motion to Dismiss, the Commission noted that disgorgement is a remedy, and stated its position that it was premature to dismiss or strike the request on a Motion to Dismiss.  (Dkt. 25.)  However, the Commission has continued to consider the Court's request, and the practical benefit of addressing this issue at this time.  Under the unique facts and circumstances of this case as they are understood after the investigation to date, and under the current state of the law, the Commission believes it is appropriate to now withdraw its request for disgorgement and prejudgment interest.  The Commission requests that the withdrawal be without prejudice, in the event that additional factual or legal developments make the remedies available.  The Commission continues to seek all other relief sought in the complaint:  a final judgment permanently enjoining the Defendants from violating Section 203(a) of the Advisers Act, 15 U.S.C. § 80b-3(a) and civil penalties pursuant to Section 209(e) of the Advisers Act.  (Cmplt. ¶ 9.)

WHEREAS, Defendants filed a Motion to Dismiss (the "Motion") seeking to dismiss (or in the alternative to strike) the Commission's request for disgorgement, as well as to dismiss the Commission's claim against Matlin individually.  (Dkt. 23; Dkt. 24 at 1–4, 20–22; Dkt. 26 at 1–4.)

WHEREAS, Defendants consent to the Commission's request to withdraw its request for disgorgement and prejudgment interest as outlined herein.

WHEREAS, this stipulation to withdraw the Commission's request for disgorgement and prejudgment interest, if so-ordered, would moot that portion of Defendants' pending Motion seeking dismissal of the Commission's request for disgorgement. The remainder of Defendants' pending Motion, which seeks dismissal of the Commission's claim asserted against Matlin, would be unaffected by this stipulation and still require judicial resolution. (Dkts. 23, 24, 25, & 26.)

**IT IS HEREBY STIPULATED AND AGREED TO BY THE UNDERSIGNED PARTIES THAT THE COMMISSION'S REQUEST FOR DISGORGEMENT AND PREJUDGMENT INTEREST IS HEREBY WITHDRAWN.**

| | |
|---|---|
| */s/Amy Harman Burkart* | */s/Benjamin S. Fischer* |
| Amy Harman Burkart | Benjamin S. Fischer |
| Richard M. Harper II | Christopher B. Harwood |
| Securities and Exchange Commission | Kevin Grossinger |
| Boston Regional Office | Peter Menz |
| 33 Arch Street, 24th Floor | MORVILLO, ABRAMOWITZ, GRAND, |
| Boston, MA 02110 | IASON & ANELLO, P.C. |
| (617) 573-5905 (Burkart) | 565 Fifth Avenue |
| (617) 573-8979 (Harper) | New York, NY 10017 |
| BurkartA@sec.gov | (212) 856-9600 |
| HarperR@sec.gov | (212) 856-9494 (fax) |
| *Attorneys for Plaintiff Securities and Exchange Commission* | *Attorneys for Defendants Concord Management LLC and Michael Matlin* |

Dated: April 4, 2024

SO ORDERED:  _____
　　　　　　　　　　　　　　　　　　　　The Honorable Philip M. Halpern
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: _____

3