```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
SECURITIES & EXCHANGE COMMISSION,

                        Plaintiff(s),

                                           23 CV 8253 (AEK)
     -vs-
                                           STATUS CONFERENCE


CONCORD MANAGEMENT, LLC, and
MICHAEL MATLIN,

                        Defendant(s).
----------------------------------------x


     *Proceedings recorded via digital recording device*


                                    United States Courthouse
                                    White Plains, New York

                                    October 21, 2024


Before:   THE HONORABLE ANDREW E. KRAUSE,
                    United States Magistrate Judge


A P P E A R A N C E S:


SECURITIES & EXCHANGE COMMISSION
     Attorneys for Plaintiff
BY:  AMY H. BURKART
     RICHARD M. HARPER, II


MORVILLO, ABRAMOWITZ, GRAND, IASON & ANELLO
     Attorneys for Defendants
BY:  BENJAMIN S. FISCHER
     CHRISTOPHER B. HARWOOD
     KEVIN GROSSINGER
     PETER MENZ
```

1          THE DEPUTY CLERK:  Good afternoon, all.

2          This is the matter of Securities & Exchange Commission
3   v. Concord Management LLC, Docket No. 23 CV 8253, the Honorable
4   Andrew Krause presiding.

5          Counsel, please note your appearance for the record,
6   starting with Plaintiff's Counsel.

7          MS. BURKART:  Good afternoon, your Honor.  Amy Burkart
8   and Richard Harper for the Commission.

9          THE COURT:  Good afternoon.

10         MR. FISCHER:  Good afternoon, your Honor.  Benjamin
11  Fischer, Christopher Harwood, Kevin Grossinger, Peter Menz, on
12  behalf of Concord and Michael Matlin, from the law firm of
13  Morvillo, Abramowitz, Grand, Iason & Anello, and we are here
14  with our client, Mr. Matlin.

15         THE COURT:  Okay, good afternoon to you all as well.

16         We're at the end of our settlement conference.  We,
17  obviously, did not resolve the case today, although I think we
18  did have some further productive discussions, and I appreciate
19  that you've had an open line of communication and that you
20  continue to have communications about the case in good faith and
21  continue to have a good, productive working relationship, but I
22  think now, we need to turn to what the next steps are going to
23  be in terms of discovery.

24         I've had some discussions with both sides.  I've tried
25  to repeat the exact same information to both of you in terms of

1  my perspective on discovery and where we might go.  I understand
2  there were some discussions late last week to try to come up
3  with a joint proposal as to how we might move forward, and I
4  also understand that those may have been affected by -- to some
5  extent, by what I said to you all here today.
6          I'll say it again on the record, there is a motion to
7  dismiss pending.  That motion to dismiss has been pending for
8  some time, it was filed back on March 15th of 2024, and I guess
9  it must have been filed using some sort of
10 bundling...methodology, because it was fully submitted as of
11 that date.  When it was filed on March 15th, the motion and the
12 briefs in support and an opposition and reply were all filed on
13 the same day, at ECF nos. 23-26.  So I do understand that from
14 the parties' perspective, the briefing on this started probably
15 months before that and the motion has been pending for some
16 time.  Of course, you have just consented to proceed before me
17 for all purposes, so from my perspective and from my work flow,
18 this is a brand-new motion.
19         Of course, there are still deadlines that we have in
20 the court that you're all familiar with, you know, so there will
21 be some time sensitivity in that regard to getting the motion
22 completed, but I do have other motions that are currently in the
23 works here in my chambers, and so while we will certainly get to
24 this motion as promptly as possible, it will be a matter of
25 months more likely than a matter of weeks to get it fully

1  resolved, so with all that said, it seems to me that there are a
2  couple of potential paths forward here with respect to
3  discovery.
4       One would be to stay all discovery, hold all deadlines
5  in abeyance, pending the ruling on the motion to dismiss.
6  That's one option. Another option would be to try to move
7  forward in discovery here and get everything done so that when
8  the motion to dismiss is decided, or shortly after --
9  thereafter, all discovery will be complete and we can move
10 relatively expeditiously to summary judgment briefing if there
11 is no successful effort to reengage in settlement negotiations
12 upon the, the adjudication of the motion to dismiss.
13      I understand from some discussions with both sides
14 that there's been no answer in this case, and I think that was
15 an agreed-upon outcome some time ago, particularly because the
16 motion originally was made on behalf of both Mr. Matlin and
17 Concord, although I think based on the resolution of the
18 disgorgement issue, the motion as currently constituted is
19 really only on behalf of Mr. Matlin.
20      I understand the SEC's position to be that it's
21 difficult to move forward to completion of discovery without an
22 answer from at least Concord so that the SEC would have a better
23 sense of what facts are actually in dispute or which may be
24 agreed upon and what the affirmative defenses may be to the
25 allegations in the Complaint.

1              So, again, those are, those are two options.  I mean,
2    there may be a third path forward as well, but, but those are,
3    to me, the two most straightforward -- excuse me.
4              (Brief interruption)
5              THE COURT:  -- the two most straightforward paths: one
6    would be a stay and the other would be, get an answer from
7    Concord -- I understand there's not going to be an answer from
8    Mr. Matlin while the motion to dismiss is pending, and that's
9    certainly fine -- and then allow discovery to proceed on a
10   schedule that makes sense to the parties.
11             So, Ms. Burkart, let me turn to you first.
12             And, again, I understand there were some discussions
13   last week.  I'm giving everybody a free pass to sort of
14   reconsider those discussions in light of everything we've talked
15   about today, and I don't think anybody should hold that against
16   your adversaries here, because, again, there's new information
17   that's come to light, we've had some frank discussions about
18   these issues and, you know, we can, we can talk through it here
19   and everybody can recognize that, you know, you attempted to
20   have an agreed-upon schedule, which I do appreciate, but I think
21   we should just have a fresh look at all of it in light of what's
22   been discussed today.
23             So, Ms. Burkart, let me hear from you first.
24             MS. BURKART:  Thank you, your Honor.
25             I think in light of the fact that we have already

1  engaged in some amount of discovery previously, with Judge
2  Halpern's instruction to move forward as much as we could with
3  discovery while the motion was pending, we had exchanged
4  document requests and produced a significant amount of documents
5  to each other, I think we are now at the point where both
6  written discovery and answer to the Complaint, answers to our
7  pending interrogatories and requests for admission, which were,
8  I believe, submitted in June, feel like threshold issues to us,
9  and one of the most important depositions that we'd want to take
10 would be that of Mr. Matlin himself, that being sort of the
11 piece of the evidentiary puzzle that we hadn't been able to
12 obtain during the course of the investigation.
13          As a result of that, while I have great confidence in
14 our ability to work with Defense Counsel in good faith and
15 trying to figure out a schedule that makes sense for both sides,
16 it does feel to Mr. Harper and I that we are at a bit of an
17 impasse from a discovery perspective in terms of being able to
18 move the ball forward productively while also having the motion
19 pending, so our preference would be to have your Honor stay
20 discovery pending the ruling of the motion to dismiss and then,
21 you know, with great haste, proceed immediately to discovery at
22 that time.
23          I think we'd be able to figure out an efficient
24 schedule at that point, but just from a
25 conservation-of-resources perspective and kind of given where we

1  are now and what we've already done, I would suggest that we
2  would be all best positioned to stay discovery in this matter.
3  That would be our request.
4              THE COURT:  Okay.  Thank you, Ms. Burkart.
5              Mr. Fischer, what are your thoughts?
6              MR. FISCHER:  Your Honor, just to reiterate what Ms.
7  Burkart just said, we -- you know, the parties since, I believe,
8  February or March have engaged in a substantial amount of work
9  to exchange document requests, produce extensive number of
10 documents in response to those requests and exchanged them with
11 one another.
12             I -- again, just so the record is clear, I think we
13 have had numerous meet-and-confers with one another about
14 complicated document issues that we have worked together in good
15 faith to try to resolve.  I think we've resolved many of them.
16 There may be a couple that are outstanding and maybe we can, you
17 know, just -- it's worth us reviewing our respective requests,
18 and that's something that we might be able to resolve during
19 this time, but I do want to say that I agree that we have done a
20 significant amount of work on the, on the document discovery up
21 through now.
22             We agree with what Ms. Burkart said, that I think
23 there are just some threshold issues here that make proceeding
24 with additional discovery at this point challenging and that we
25 would all benefit from having the clarity that Ms. Burkart

1  expressed on a going-forward basis, you know, after a resolution
2  of the motion.  I think we can certainly caucus with the SEC and
3  see if there's, you know, anything we can do during this time
4  such that, you know, we can...we can evaluate that, but I think
5  we are in agreement with, with the SEC on this on the overall
6  next steps.
7              THE COURT:  Okay.  Well, listen, as I said to both
8  sides, I -- my inclination here was not to stay discovery,
9  actually, and, and to try to find a path forward to allow the
10 discovery to proceed while we had the motion under advisement
11 here, but I take seriously the joint application here of counsel
12 to stay discovery and I -- in large part because of my degree of
13 confidence that you all will continue to work together
14 productively and efficiently once the motion to dismiss is
15 resolved to, to get through discovery efficiently thereafter, so
16 I will grant the application to stay discovery, so discovery
17 will be stayed pending the resolution of the motion to dismiss.
18             And I also recognize that depending on the outcome --
19 or regardless, actually, of the outcome of the motion to dismiss
20 that it may make sense for you all to reengage on the
21 possibility of settlement once the landscape is clear as to
22 whether Mr. Matlin will continue to be a Defendant in this case
23 or not.  Again, there's a settlement framework on the table, but
24 the key sticking point, at least one of the key sticking points,
25 at the moment, is whether a settlement should include Mr. Matlin

1  or not, and I think we're just at a fundamental disagreement on
2  that particular point.  I'm not suggesting that it will all
3  magically fall into place once the motion to dismiss is decided,
4  but it will change the landscape and the risk profile for
5  everybody once there's clarity on that issue.
6            So I will, in all likelihood, schedule a conference
7  for, you know, one to two weeks after the decision on the motion
8  to dismiss so that we can get back together and figure out what
9  the next steps should be, but my hope and expectation will be
10 that in that intervening time between the issuance of the
11 decision and the conference, you get together to talk about not
12 only a discovery schedule, but, you know, whether there is an
13 appetite on both sides for reengaging on settlement, whether
14 with me or with a colleague.
15           Again, I mean, at this point, you made clear in your
16 letter that you were willing to have me preside over the
17 settlement process.  Even though you've consented to proceed
18 before me for all purposes, I appreciate that and I'm happy to
19 continue to do that, but I just want to give you, heh, absolute
20 permission, not that you need my permission, but I just want to
21 be clear and up front with you about it, that if you decide that
22 for whatever reason, you think you might be able to have more
23 candid discussions about your settlement position and about the
24 risks and benefits of settlement with one of my colleagues, I
25 would be happy to refer you to one of my magistrate judge

1  colleagues here in White Plains, again, if you think that a big
2  part of the, the analysis will be likelihood of success on
3  summary judgment, which I'm, obviously, not going to be able to
4  advise you on because the motion would be before me.
5          I have done settlement conferences in those contexts
6  before and so I'm certainly capable of doing it, it just limits
7  my flexibility in terms of, you know, what I can and can't say
8  to you, so I will not take it...as any sign of frustration or
9  disrespect or anything if you decide that, you know, you'd like
10 to proceed with a settlement conference, but you'd like to do
11 that with somebody else, nor will I hold it against you if you
12 say you'd like to continue with the settlement process and do it
13 with me.  Either way is fine.  And I just don't want either side
14 to think that there will be any negative ramification in the
15 case in the long term if you decide, based on your careful
16 consideration, that you think you could have more productive
17 conversations with somebody else.  I will take that for what it
18 means, not that you think I'm useless, but that you think that
19 perhaps you can have more candor with somebody else, so just
20 keep that in mind and we can talk about that when we reconvene
21 in a couple of months.  All right?
22          So we'll stay discovery; we'll put that in the minute
23 entry of today's proceeding.  We have the motion; we will get
24 back to you on that as quickly as we reasonably can.  If there
25 is anything else that comes to light in the interim that

Stat. Conf.                    SEC v. Concord                          11

1  requires my attention, you should feel free to write to me and
2  we'll get you in for a conference sooner if need be, but
3  otherwise, we'll plan to stand adjourned pending the resolution
4  of the motion to dismiss, and we'll reconvene at that point to
5  figure out where we go from there.
6           Ms. Burkart, is there anything further we should
7  address from the SEC's perspective today?
8           MS. BURKART:  Nothing from the Commission, your Honor.
9  Thank you.
10          THE COURT:  Okay.
11          And from the Defendant's perspective, Mr. Fischer, Mr.
12 Harwood?
13          MR. FISCHER:  Your Honor, may I just have a moment to
14 confer --
15          THE COURT:  Of course.
16          MR. FISCHER:  -- with my colleagues?
17          THE COURT:  Absolutely.
18          MR. FISCHER:  Thank you.
19          (Discussion off the record)
20          MR. FISCHER:  Thank you, your Honor.  Nothing further
21 from us.
22          THE COURT:  Okay.  Very good.  Then take good care,
23 everybody, and we'll be back together again relatively soon.
24          We're adjourned for now.  Thank you.
25          MR. FISCHER:  Thank you.  Bye-bye.

(914) 390-4027

```
 1
 2  Certified to be a true and accurate
 3  transcript of the digital electronic
 4  recording to the best of my ability.
 5  _____
 6  Tabitha R. Dente, RPR, RMR, CRR
 7  U.S. District Court
 8  Official Court Reporter
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```