**Exhibit H**



**U.S. Securities and Exchange Commission**

### Investment Advisers Act of 1940 — Sections 203(a) and 208(d)
### American Bar Association, Business Law Section

January 18, 2012

**RESPONSE OF THE OFFICE OF INVESTMENT ADVISER REGULATION DIVISION OF INVESTMENT MANAGEMENT**

In light of recent amendments to the Investment Advisers Act of 1940 ("Advisers Act") pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), you have requested our views on various issues regarding the registration with the Securities and Exchange Commission ("Commission") of certain investment advisers that are related to investment advisers that are registered with the Commission ("registered advisers").

### Background

Section 203(a) of the Advisers Act generally provides that it is unlawful for an investment adviser to engage in business without registering under that Act, unless an exemption is available. Section 202(a)(11) of the Advisers Act defines the term "investment adviser" broadly to include any person who for compensation provides advice about securities as part of a regular business. As you note in your letter, this definition is sufficiently broad to include not only a corporation, partnership or sole proprietorship doing business as an investment adviser, but also many of the adviser's employees. Nevertheless, the Commission and its staff have, as a matter of administrative practice, not required natural persons associated with a registered adviser to themselves register separately solely as a result of their activities as associated persons.[1] The Commission has treated the registered adviser's registration with the Commission as effectively covering these associated persons.

In a December 8, 2005 letter addressed to the American Bar Association's Subcommittee on Private Investment Entities ("2005 Staff Letter"), the staff took a similar approach with respect to certain special purpose vehicles ("SPVs") created by a registered adviser.[2] In that letter, the staff stated that it would not recommend enforcement action to the Commission under section 203(a) or section 208(d) of the Advisers Act against a registered adviser and an SPV if the SPV does not separately register as an investment adviser, subject to the following representations and undertakings (collectively, the "2005 Conditions"):

  i. the investment adviser to a private fund establishes the SPV to act as the private fund's general partner or managing member;
  ii. the SPV's formation documents designate the investment adviser to manage the private fund's assets;
  iii. all of the investment advisory activities of the SPV are subject to the Advisers Act and the rules thereunder, and the SPV is subject to examination by the Commission;[3] and
  iv. the registered adviser subjects the SPV, its employees and persons acting on its behalf to the registered adviser's supervision and control[4] and, therefore, the SPV, all of its employees and the persons acting on its behalf are "persons associated with" the registered adviser (as defined in section 202(a)(17) of the Advisers Act).

Subject to the 2005 Conditions, the SPV would look to and essentially rely upon the registered adviser's registration with the Commission in not submitting a separate Form ADV.[5]

As a result of the Dodd-Frank Act's repeal of the exemption previously provided by section 203(b)(3) of the Advisers Act, you inquire whether the 2005 Staff Letter continues to represent the position of the staff and raise other questions about the position expressed in that letter as discussed in more detail below.

Additionally, you inquire as to the circumstances under which certain advisers that may not be SPVs but are related to a registered adviser may

satisfy their obligation to register with the Commission through the registration of the registered adviser in lieu of registering separately. You state that certain advisers to private funds often are part of a group of related advisers, at least one of which is or will be registered with the Commission.[6] You state that, notwithstanding that they are organized as separate legal entities, the registered adviser and its related advisers are in a control relationship and conduct a single advisory business subject to a unified compliance program. You assert that permitting these related advisers to satisfy their obligation to register with the Commission through the registration of a single adviser would be consistent with or in some cases a logical extension of the Commission's and staff's administrative practice pursuant to which natural persons associated with registered advisers and certain SPVs have not been required to register separately. You also assert that permitting a single registration (and thus a single Form ADV filing) to cover the entire group of related advisers—rather than requiring each entity to register separately—would more accurately reflect the full nature and scope of the single advisory business conducted by the group and would be more informative for advisory clients and private fund investors as well as the Commission.

In response to the questions you raised, the staff of the Division of Investment Management has set forth below its views. References to "we," "our" and "us" refer to the staff of the Division of Investment Management and not the Commission.

### Questions and Answers

**Question 1: Continuing Applicability of the 2005 Staff Letter**

You inquire whether, as a result of the Dodd-Frank Act's repeal of the exemption previously provided by section 203(b)(3) of the Advisers Act for private advisers with fewer than fifteen clients, the position set forth in the 2005 Staff Letter continues to represent the staff's position.

**Answer:** The 2005 Staff Letter continues to represent the staff's position.

**Question 2: Multiple SPVs**

The 2005 Staff Letter specifically responded to the question of whether a single SPV formed to act as a private fund's general partner or managing member must separately register as an investment adviser. You ask whether this position was intended to be limited to a registered adviser with a single SPV.

**Answer:** The position expressed in the 2005 Staff Letter is not limited to a registered adviser with a single SPV.

**Question 3: SPVs with Independent Directors**

The 2005 Staff Letter was, by its terms, limited to situations in which, among other things, the SPV, its employees and persons acting on its behalf are subject to supervision and control by the registered adviser and, therefore, the SPV, all of its employees and the persons acting on its behalf are "persons associated with" the registered adviser (as defined in section 202(a)(17) of the Advisers Act). You state that a registered adviser to a private fund may, for a variety of reasons, establish SPVs that have directors who are independent of the registered adviser or a related SPV. You state that independent directors frequently are engaged to represent the interests of investors in a private fund or to permit the fund to satisfy certain legal obligations, such as engaging in certain transactions or practices that may otherwise be restricted under applicable law. You inquire whether these independent directors who are not "persons associated with" the registered adviser would require the SPV to register separately.

**Answer:** We would not recommend enforcement action to the Commission under section 203(a) or section 208(d) of the Advisers Act against a registered adviser and its SPV(s) if the SPV does not separately register as an investment adviser with the Commission and if the registered adviser and SPV(s) meet all of the 2005 Conditions, except that the only persons acting on an SPV's behalf that the registered adviser does not supervise and control, and thus are not "persons associated with" the registered adviser (as defined in section 202(a)(17) of the Advisers Act), are directors (as defined in section 202(a)(8) of the Advisers Act) who are independent of the registered adviser.

**Question 4: Multiple Entities in Control Relationships**

You state that, for a variety of tax, legal and regulatory reasons described in more detail in your letter, advisers to private funds may be part of a group of related advisers. You state that these advisers, although organized as separate legal entities, conduct a single advisory business because, among other things, they: (i) are subject to a unified compliance program; (ii) advise only private funds and certain separate accounts maintained on behalf of qualified clients as described in more detail below; (iii) use the same or similar names; and/or (iv) hold themselves out to current and prospective private fund investors and advisory clients as conducting a single advisory business because they, for example, share personnel and resources. You assert that, because these related advisers conduct a single advisory business, only one of them should be required to file (or amend) a single Form ADV that would cover each adviser that is registering with the Commission.

**Answer:** Form ADV was not designed to combine information about separately formed advisers that conduct different advisory businesses, even if those advisers are related to each other because of a control relationship. We recognize, however, that it may be appropriate for the advisers you describe in your letter to use a single registration (*i.e.*, to register on a single Form ADV), provided that they conduct a single advisory business, as described in more detail below.

Accordingly, we would not recommend enforcement action to the Commission under section 203(a) or section 208(d) of the Advisers Act against an investment adviser that files (or amends) a single Form ADV ("filing adviser") on behalf of itself and each other adviser that is controlled by or under common control with the filing adviser that is registering through a single registration with the filing adviser (each, a "relying adviser")[7] where the filing adviser and each relying adviser collectively conduct a single advisory business. Absent other facts suggesting that they conduct different businesses, a filing adviser and one or more relying advisers would in our view collectively conduct a single advisory business for purposes of this letter, and thus a single registration would be appropriate,[8] under the following circumstances:

  i. The filing adviser and each relying adviser advise only private funds and separate account clients that are qualified clients (as defined in Advisers Act rule 205-3) and are otherwise eligible to invest in the private funds advised by the filing adviser or a relying adviser and whose accounts pursue investment objectives and strategies that are substantially similar or otherwise related to those private funds.
 ii. Each relying adviser, its employees and the persons acting on its behalf are subject to the filing adviser's supervision and control and, therefore, each relying adviser, its employees and the persons acting on its behalf are "persons associated with" the filing adviser (as defined in section 202(a)(17) of the Advisers Act).
iii. The filing adviser has its principal office and place of business in the United States and, therefore, all of the substantive provisions of the Advisers Act and the rules thereunder apply to the filing adviser's and each relying adviser's dealings with each of its clients, regardless of whether any client or the filing adviser or relying adviser providing the advice is a United States person.[9]
 iv. The advisory activities of each relying adviser are subject to the Advisers Act and the rules thereunder, and each relying adviser is subject to examination by the Commission.[10]
  v. The filing adviser and each relying adviser operate under a single code of ethics adopted in accordance with Advisers Act rule 204A-1 and a single set of written policies and procedures adopted and implemented in accordance with Advisers Act rule 206(4)-(7) and administered by a single chief compliance officer in accordance with that rule.[11]
 vi. The filing adviser discloses in its Form ADV (Miscellaneous Section of Schedule D) that it and its relying advisers are together filing a single Form ADV in reliance on the position expressed in this letter and identifies each relying adviser by completing a separate Section 1.B., Schedule D, of Form ADV for each relying adviser and identifying it as such by including the notation "(relying adviser)."

Our response expresses the staff's position on enforcement action only and does not purport to express any legal or interpretive position on the issues presented.[12] Any different facts or representations may require a different conclusion. With respect to some of the issues you raised in telephone conversations regarding your letter, including whether a filing adviser could,

under certain circumstances, be an adviser based outside of the United States, the staff is not in a position to provide you with a response at this time, or would require further facts in order to formulate fully a response.

> Tram N. Nguyen
> Branch Chief
> Private Funds Branch

[1] Requirements Governing Payments of Cash Referral Fees by Investment Advisers, Investment Advisers Act Release No. 688 (July 12, 1979) (persons associated with a registered adviser need not separately register as investment advisers solely as a result of their activities as associated persons). See also Kevin J. Hughes, SEC Staff Letter (Dec. 7, 1983).

[2] See American Bar Association Subcommittee on Private Investment Entities, SEC Staff Letter (Dec. 8, 2005) at Question and Answer G.1. References to the 2005 Staff Letter in this response refer only to the position of the staff expressed in Question and Answer G.1.

[3] It is your view, and the staff agrees, that such an SPV is an investment adviser registered with the Commission and, as such, is required to comply with all of the provisions of the Advisers Act and the rules thereunder that apply to registered advisers.

[4] The staff noted that, for example, all of the employees of the SPV and persons acting on its behalf would be subject to the registered adviser's code of ethics (see Advisers Act rule 204A-1) and compliance policies and procedures (see Advisers Act rule 206(4)-7).

[5] The staff explained that, for example, any disciplinary history that the SPV would have been required to disclose on Form ADV, had it registered separately as an investment adviser, would be disclosed on the registered adviser's Form ADV.

[6] The term "private funds," as used in this letter, refers to private funds as defined in section 202(a)(29) of the Advisers Act.

[7] The filing adviser and each relying adviser must not be prohibited from registering with the Commission by section 203A of the Advisers Act. Accordingly, the filing adviser and each relying adviser must, for example, individually have sufficient assets under management to qualify to register with the Commission or qualify for an exemption from section 203A's prohibition (e.g., Advisers Act rule 203A-2(b), which permits an adviser to register with the Commission that would otherwise be prohibited from doing so under section 203A if the adviser is in a control relationship with a registered adviser and has the same principal office and place of business as the registered adviser).

[8] To satisfy the requirements of Form ADV while using a single registration, the filing adviser must file, and update as required, a single Form ADV (Parts 1 and 2) that relates to, and includes all information concerning, the filing adviser and each relying adviser (e.g., disciplinary information and ownership information on Schedules A and B), and must include this same information in any other reports or filings it must make under the Advisers Act or the rules thereunder (e.g., Form PF).

[9] See Exemptions for Advisers to Venture Capital Funds, Private Fund Advisers With Less Than $150 Million in Assets Under Management, and Foreign Private Advisers, Investment Advisers Act Release No. 3222 (June 22, 2011) ("Exemptions Release") at section II.D. (discussing positions of the Commission and staff under which: (i) most of the substantive provisions of the Advisers Act are not applied to the non-U.S. clients of a non-U.S. adviser registered with the Commission, but (ii) non-U.S. advisers registered with the Commission must comply with the Advisers Act and the Commission's rules thereunder with respect to any U.S. clients (and any prospective U.S. clients) they may have). We are concerned that, absent this condition, a group of related advisers based inside and outside of the United States could designate a non-U.S. adviser as a filing adviser, and assert that the Advisers Act's substantive provisions generally would not apply to the U.S.-based relying advisers' dealings with their non-U.S. clients.

[10] It is your view, and the staff agrees, that each relying adviser is an investment adviser registered with the Commission and, as such, is

required to comply with all of the provisions of the Advisers Act and the rules thereunder that apply to registered advisers.

[11] The code of ethics and written policies and procedures must be administered as if the filing adviser and each relying adviser are part of a single entity, although they may take into account, for example, that a relying adviser operating in a different jurisdiction may have obligations that differ from the filing adviser or another relying adviser.

[12] The Commission has stated that it would treat as a single adviser two or more related advisers that are separately organized but operationally integrated, which could result in a requirement for one or both advisers to register. See Exemptions Release at text accompanying n.506. See also id. at nn.314 and 506. The staff expresses no view in this letter as to the factors relevant to an assessment of whether two or more related advisers are "operationally integrated." The staff specifically notes that an adviser that is unable to satisfy the conditions in the staff's response to question 4 of this letter may nonetheless be "operationally integrated" with one or more related advisers.

➤ Incoming Letter

*http://www.sec.gov/divisions/investment/noaction/2012/aba011812.htm*

Home | Previous Page    Modified: 01/19/2012