# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
_____

WRITER'S CONTACT INFORMATION

bfischer@maglaw.com; 212-880-9585
charwood@maglaw.com; 212-880-9547

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN
____
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
____
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

February 24, 2026

**By ECF**
Hon. Andrew E. Krause
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:    *S.E.C. v. Concord Management LLC and Michael Matlin*, No. 23-CV-8253 (AK)

Dear Judge Krause:

We represent Defendants Concord Management LLC and Michael Matlin in the above-captioned action.  We write jointly with Plaintiff United States Securities and Exchange Commission ("SEC") to request an adjustment of the current Amended Civil Case Discovery Plan and Scheduling Order (ECF 89 (the "Scheduling Order")) due to the occurrence of unexpected circumstances and to allow the parties sufficient opportunity to complete limited remaining fact discovery.

Since the conclusion of the government shutdown in November 2025, the parties have made substantial progress in working to complete fact discovery, including completing all depositions with the exception of the Rule 30(b)(6) deposition of the SEC, as discussed below. The SEC has completed all its depositions, with it most recently having taken the deposition of Mr. Matlin.

Until yesterday, we understood that the SEC was producing one Rule 30(b)(6) deponent (who had been identified by the SEC on January 26, 2026) to testify about all three topics set forth in the Defendants' Rule 30(b)(6) Notice of Deposition, and we had been preparing and planning for that deposition to occur this Friday (February 27) in Washington, D.C.  However, yesterday the SEC informed us that it needs to produce two 30(b)(6) deponents to cover the topics, one witness from the Division of Investment Management (to cover Topic 1 as set forth in Defendants' Rule 30(b)(6) Notice (the "Topic 1 30(b)(6) Deponent")), and a second witness with experience in the SEC's Division of Examinations and Division of Enforcement (to cover Topics 2 and 3 as set forth in Defendant's Rule 30(b)(6) notice (the "Topics 2 and 3 30(b)(6) Deponent")). This change will require Defendants to modify their approach with respect to the February 27 deposition, and the parties agree that in light of the change in circumstances (as well

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

as the travel complications caused by yesterday's blizzard and further forecasted weather later this week), it does not make sense to go forward with the deposition this Friday.

Although both the Defendants and the SEC wish to proceed with these depositions promptly, the parties need to account for some unavoidable scheduling complications (in addition to the ones discussed above).  For example, the Topic 1 30(b)(6) Deponent is unavailable for personal reasons for the period between March 2 and March 22.  Thus, the earliest Defendants can depose the Topic 1 30(b)(6) Deponent is the week of March 23 and the parties are endeavoring to schedule that deposition for March 26.  Moreover, while the parties are working to schedule the Topics 2 and 3 30(b)(6) Deponent as soon after the Topic 1 30(b)(6) Deponent as possible, the period between March 30 to April 9, 2026 is complicated as a result of religious holidays and other scheduling issues.  Despite these scheduling complications, the parties are endeavoring to schedule and complete both Rule 30(b)(6) depositions by April 10.

As the parties have previously discussed with the Court, the parties also hope that through post-deposition interrogatories and requests for admission they plan to serve, they will be able to significantly streamline the issues in this matter.  The recently completed fact depositions and upcoming Rule 30(b)(6) depositions, however, will be essential in formulating and responding to such written discovery.  Thus, although the parties have worked collaboratively and diligently to ensure that written discovery can be completed in a timely manner (including by stipulating to shorten the time to respond to the written discovery they plan to serve), the parties believe that an extension of the current fact discovery deadlines is warranted to allow them sufficient time to exchange and respond to this written discovery after all depositions have occurred.  Moreover, because this requested change will impact the expert disclosure deadlines, the parties jointly request that the remaining discovery deadlines be modified as reflected below:

| Event | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Deadline to Serve to Interrogatories and/or Requests for Admission | February 24, 2026 (by agreement of the parties as per Case Management Order) | April 24, 2026 |
| Deadline to Respond to Interrogatories and/or Requests for Admission | March 13, 2026 | May 8, 2026[1] |
| End of Fact Discovery | March 13, 2026 | May 15, 2026 |
| End of All Discovery | May 15, 2026 | July 17, 2026 |

---

[1] As to any interrogatories or requests to admit that are served fewer than 30 days before the May 8 deadline, the parties have stipulated to shorten the response time permitted under the Federal Rules, such that any responses must be served by May 8, 2026.  *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 36(a)(3).

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

The parties do not believe that these requested modifications require the amendment of any other provision in the Scheduling Order. The parties also do not currently anticipate requesting that the Court grant any additional discovery extensions. We thank the Court for its consideration of this request.

Respectfully submitted,

*Benjamin S. Fischer*
*Christopher B. Harwood*

cc:    All counsel of record (by ECF)

3