UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,                  **DECISION AND ORDER**

      -against-                       23 Civ. 8253 (AEK)

CONCORD MANAGEMENT, LLC, *et al.,*

                Defendants.
-----------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Defendants filed a letter motion in which they request an order directing Plaintiff Securities and Exchange Commission ("SEC") to produce (1) the SEC's Division of Examinations Examination Manual ("Examination Manual"); (2) training materials maintained by the Division of Examinations ("Training Materials"); and (3) modules maintained by the Division of Examinations ("Modules"). *See* ECF No. 105. These documents were referenced during the testimony of Kevin M. Kelcourse, an Associate Director of the Division of Examinations, during his deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. According to Defendants, these items are "responsive to Defendants' document requests and directly relevant to issues affirmatively raised by the SEC in its Complaint . . . ." *Id.* at 1. Specifically, Defendants cite their March 2024 document requests, which sought "all documents that support, undercut or otherwise relate to the SEC's allegation that Concord and / or Mr. Matlin's failure to register as investment advisers 'prevented the [SEC's] oversight.'" *Id.* & ECF No. 105-1 at 3 (document request 17). Defendants contend that they requested these materials "because the SEC included specific allegations in its Complaint that [ ] Defendants' conduct allegedly 'prevented the SEC's oversight' including by supposedly resulting in Concord

not being subject to 'comprehensive [SEC] examinations.'"  ECF No. 105 at 1 (citing ECF No. 1 ("Complaint" or "Compl.") ¶¶ 3, 73).

Defendants cite Mr. Kelcourse's deposition testimony in support of their application, explaining that Mr. Kelcourse testified: (1) that the Examination Manual "'lays out how [the SEC conducts] exams'" and "contains guidance for issuing deficiency letters," *id.* at 2 (quoting Kelcourse Tr. (ECF No. 105-2) 59:3-14, 189:21-191:5); (2) that the Training Materials were "to be consulted by SEC examiners when they are 'going to go examine a firm,'" *id.* (quoting Kelcourse Tr. 70:11-23); and (3) that the Modules were "'document[s] that will . . . lay[] out . . . things to be looking at when you're assessing various issues [during an examination],'" are "accessible on a central database," and "cover 'probably 10 to 20 topic areas,'" *id.* (quoting Kelcourse Tr. 66:17-68:5).  Defendants assert that they are entitled to receive these materials in discovery (1) "because the requested discovery directly relates to the SEC's oversight role— performed by the Division of Examinations—which the SEC has directly put at issue in this case," *id.*; and (2) because they "are relevant to Defendants' Seventh Affirmative Defense, 'Abuse of Discretion – Deficiency Letters,'" and "could shed light on the SEC's practices in deciding when and under what circumstances a matter should be resolved by a deficiency letter rather than through an enforcement action," *id.* at 3.

The SEC opposes the application, contending that these documents are not relevant to the "relatively narrow legal claim . . .  of violating the Investment Advisers Act of 1940 . . . by failing to register as investment advisers."  ECF No. 107 at 2.  The SEC insists that "[w]hether the Defendants agree with the rationale behind the statutory registration requirement or not, there is no element of the charge that considers what kind of oversight the Commission did or did not have into Concord's activities when operating as an unregistered investment adviser."  *Id.*

Moreover, the SEC maintains that Mr. Kelcourse's deposition testimony "supports the Commission's conclusion that there are no relevant documents to produce." *Id.*  The SEC cites Mr. Kelcourse's testimony (1) as to "policies and procedures in place governing how examiners determine whether firms are acting in compliance with federal securities laws," which, he said, "'will always depend on the facts and circumstances at the firm,'" *id.* (quoting Kelcourse Tr. (ECF No. 107-2) 65:5-66:16); (2) that "he was not aware of any [SEC] policy that governs whether an investment adviser is or is not properly registered with the [SEC]," and that in determining whether to refer a matter to the Division of Enforcement, he "relies on 'the facts and circumstances of any given matter and [his] judgment,'" *id.* at 2-3 (quoting Kelcourse Tr. 81:24-85:15); and (3) that "deficiency letters are issued by the Division of Examinations 'following completion of' an examination," *id.* at 3 (quoting Kelcourse Tr. 183:8-15)

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1). "Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Flybar Inc. v. Express Trade Cap., Inc.*, No. 25-cv-618 (VSB) (GS), 2026 WL 1453579, at *2 (S.D.N.Y. May 22, 2026) (quotation marks omitted).  The Court has "broad discretion in determining relevance for discovery purposes." *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-cv-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019).

The issue presented here is similar to the issue presented in *Securities and Exchange Commission v. Fife*, No. 20-cv-5227 (N.D. Ill. Jan. 25, 2024), a case cited by the SEC in its opposition filing, where the defendants moved to compel the production of the Examination Manual and Modules as relevant to "what a *potential* inspection of the defendants' businesses would entail and whether such examinations even contemplate that defendants' convertible-note business violates the securities laws." ECF No. 107-3 ("*SEC v. Fife*") at 2 (emphasis added).

In denying the motion to compel as to this document request, the court in *SEC v. Fife* found that these materials were not relevant, relying in part on the declaration of Natasha Vij Greiner, who was, at the time, the SEC's Deputy Director and National Associate of the Investment Adviser and Investment Company Examination Program of the SEC's Division of Examinations. *Id.*; *see* ECF No. 107-4 (Greiner Declaration). As the court explained:

> According to Greiner, the exam manual at issue "establishes the framework of policies pursuant to which all examinations are conducted (regardless of the type of SEC-registered entity being examined)[.]" [*Id.*] at 2, ¶ 4. Greiner also stated that the exam manual "does not provide examination techniques on specific substantive areas of the federal securities laws. Rather, it is a process manual for how to conduct any type of exam of any type of registrant; [it] is not intended to provide a substantive step-by-step prescriptive process which examiners would use to identify specific deficiencies at a registrant." [*Id.*]. As for the exam modules, Greiner explains that they "provide guidance on examining certain specific subject areas and/or specific rules by explaining the relevant statutes and rules, the types of documents to request, information that should be sought in interviews with firm personnel, and tests that can be performed." [*Id.*] at 2, ¶ 5. But, Greiner continues, the exam modules "are not intended to cover every type of registrant or every variation of different categories of registrants that are examined by the SEC, nor every subject matter or rule for which [the agency] may examine a registrant for compliance." [*Id.*]. Because the modules are "created on an ad hoc basis as the need arises," Greiner opined that "the absence of an Exam Module addressing a specific type of registrant or subject area or rule has no significance as to the scope of the examination process." [*Id.*].

*SEC v. Fife* at 2-3.

Here, based not only on the Greiner Declaration and the court's analysis in *SEC v. Fife*, but also on Mr. Kelcourse's deposition testimony and the allegations in the Complaint, it is apparent that the Examination Manual, Training Materials, and Modules are not relevant to the claims and defenses in this case. As the SEC explained, "there is no element of the charge that considers what kind of oversight the Commission did or did not have into Concord's activities when operating as an unregistered investment adviser." ECF No. 107 at 2. And this makes sense—because the Defendants never registered as investment advisers, no examinations of Concord were ever conducted, and it is impossible to say definitively what an examination of Concord would have looked like, particularly because such examinations vary based on the facts and circumstances of any given matter. It is therefore neither relevant nor proportional to the needs of the case for Defendants to have access to the Examination Manual, the Training Materials, and the Modules to attempt to extrapolate from those general materials as to how a hypothetical examination of Concord would have proceeded, what avenues SEC examiners would have pursued, and what findings they may or may not have made. The limited allegations in the Complaint about Defendants' alleged failure to register preventing SEC oversight do not open the door to this type of speculative exercise.

Moreover, because, as Mr. Kelcourse testified, deficiency letters are issued by the Division of Examinations only after the completion of an examination, Defendants' argument that they should be entitled to discovery of these materials based on their affirmative defense regarding the non-issuance of a deficiency letter to Concord is unavailing. Simply put, since Defendants did not register, Concord was not examined, and it appears as though there would have been no mechanism to issue a deficiency letter. Any discussions in the Examination

5

Manual or in any of the other documents sought by Defendants with respect to the issuance of a deficiency letter after an examination are also not relevant to this action

For all of these reasons, the documents that are the subject of Defendants' letter motion—all of which relate to the examination process—are not relevant to any claims or defenses in this case.

Accordingly, Defendants' letter motion for an order directing the SEC to produce the Examination Manual, Training Materials, and Modules (ECF No. 105) is DENIED.[1]

Dated:  August 12, 2026
        White Plains, New York

                                                    **SO ORDERED.**

                                             ANDREW E. KRAUSE
                                             United States Magistrate Judge

---

[1] Because the Court denies the motion based on the lack of relevance of the requested documents, it need not reach the issue of privilege.